IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY HAMMONDS, | No. CIV S-06-2397-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| M. MARTEL, et al., | |
| Defendants. | |
| _____ / | |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on October 31, 2006.  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).

       Plaintiff names as defendants Martel, Malfi, Dunlap, Vance, Vasquez, Grannis, Vanderstein, and Kim.  Plaintiff alleges that, in August 2005, his custody status was reviewed by a prison committee and that his custody status was changed to "E.O.P.," which plaintiff describes as "mentally ill out-patient custody."  According to plaintiff, this change in custody status was based on a psychological evaluation performed by prison medical clinicians.  Plaintiff

1

1  states that prison staff ". . . specifically told the mental health staff that they were loosing [sic]
2  money due to their evaluation as to my mental state of mind when housed with cell mates."
3  Plaintiff adds: "So, to give merit to their evaluation, clinical psychologists made me E.O.P. and
4  sent me to C.S.P. Sacramento to the psychiatric [secured housing unit] where I was again single-
5  celled for 7 months."  As to the defendants named in this action, plaintiff states: "The defendants
6  in this petition acted on 4-17-06 to remove me from single cell status without reading the
7  enclosed exhibits in this suit."  According to plaintiff, the "enclosed exhibits" show that his
8  mental disease is "a factor," presumably in the classification determination, and that he has a
9  history of violent behavior ". . . when stressed and during confrontationary [sic] situations." .

10         After reciting difficulties with presenting grievances concerning his removal from
11  single-cell status, plaintiff states: "I have had 5 different cell mates. . . In cell fights.  Period on 2
12  occasions where I've been without a cell mate for weeks.  So, the relief I request is as follows:
13  Due to denial of medical care – deliberate indifference, because defendants in this matter
14  deliberately ignored all relevant paperwork, and my fears that I related to clinicians & doctors
15  and by overtly threatening me by saying they were loosing [sic] money and needed the bed
16  space."  Plaintiff alleges: "I am placed in the position of, keep getting cell mates and keep
17  getting into violent confrontations where I've been hurt, whereby if I report them, I will be
18  labled [sic] and targeted for retaliation for snitching. . ."

19         Plaintiff claims that ". . . the defendants have ignored all relevant documents,
20  have not given petitioner further evaluations at Level 1 and Level 2 responses to even try to find
21  out if petitioner is mentally fit to double cell."  He states that defendants Martel, Dunlap, and
22  Vance "were all involved in the decision to double-cell petitioner, disregarding relevant
23  documentation."  Plaintiff alleges that defendant Vasquez "offered no relevant documentation to
24  validify [sic] committee's [custody] decision."  As to defendant Vanderstein – who was
25  plaintiff's clinician – plaintiff states that she "made no chrono available to the doctor (Vasquez)
26  or committee even though, weekly, I voiced my weekly problems of cell fights and paranoia as

to my cell mates I started getting once I was certified to double cell." Plaintiff claims that defendant Kim "stated that he and other doctors were no longer allowed to write chronos for inmates who fit criteria for single celled." Plaintiff states that defendant Grannis, as the Chief Appeal Coordinator, "either through deliberate actions or incompetence, sent back to me my [inmate grievance]."

For relief, plaintiff seeks, among other things, an order directing defendants to place him back on single-cell status.

The gravamen of plaintiff's complaint is that defendants were deliberately indifferent to risks to his safety posed by being housed with a cell mate. Specifically, plaintiff claims that defendants ignored available documentation of his mental illness and the need to be housed alone due to his inability to cope with cell mates. The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).[1] If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1.  Service is appropriate for the following defendant(s):

    MARTEL,

    MALFI,

    DUNLAP,

---

[1] The court notes that, according to plaintiff's complaint, plaintiff has not exhausted his administrative remedies. However, because exhaustion is not a jurisdictional requirement for bringing suit, see Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999), and because failure to exhaust is an affirmative defense which can only be raised by defendants, see Wyatt v. Terhune, 280 F.3d 1238, 1245-46 (9th Cir. 2002), dismissal at this time for failure to exhaust is not appropriate.

1      VANCE,

2      VASQUEZ,

3      GRANNIS,

4      VANDERSTEIN, and

5      KIM;

6   2. The Clerk of the Court shall send plaintiff one USM-285 form for each

7 defendant identified above (eight forms), one summons, an instruction sheet, and a copy of the

8 complaint; and

9   3. Within 30 days of the date of service of this order, plaintiff shall complete

10 the attached Notice of Submission of Documents and submit the following documents to the

11 court:

12    a. The completed Notice of Submission of Documents;

13    b. One completed summons;

14    c. Eight completed USM-285 form(s); and

15    d. Nine copies of the endorsed complaint.

17 DATED: January 25, 2007.

             _____
             **CRAIG M. KELLISON**
             UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RICKY HAMMONDS,                           No. CIV S-06-2397-GEB-CMK-P
    Plaintiff,
  vs.
M. MARTEL, et al.,
    Defendants.
                              /

NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order:

    __1__    completed summons form;
    ____    completed USM-285 form(s); and
    ____    copies of the complaint.

DATED: _____         _____
                                                  Plaintiff